**UNITED STATES ex rel. CHILA v. HUGHES, Commissioner of Immigration.**

District Court, E. D. Pennsylvania. February 8, 1928.

No. 23.

1. Aliens ⚖➔54(10)—Where there was no evidence in deportation proceeding to sustain charge, alleged alien was not accorded fair hearing.

Evidence in deportation proceeding *held* to sustain charge that alleged alien was denied a fair hearing to which he was entitled, in that there was no evidence on which to base findings.

2. Aliens ⚖➔54(7)—Alleged alien does not carry burden of proof in deportation proceeding.

In deportation proceeding, alleged alien does not carry burden of proof.

3. Aliens ⚖➔40—War measure provisions in respect to power of deportation held not retained in later act (Act March 2, 1921 [22 USCA § 227]; Act May 22, 1918 [22 USCA §§ 223–226]).

Act March 2, 1921 (22 USCA § 227), relative to immigration, *held* not, as respects power of deportation, to have retained in force the war measure provisions of Act May 22, 1918 (22 USCA §§ 223–226), though requirement of passports and visés was therein expressly retained.

Habeas Corpus. Petition of the United States, on the relation of Pasquale Chila, against James L. Hughes, Commissioner of Immigration, for a writ of habeas corpus. Relator discharged.

Adrian Bonnelly, of Philadelphia, Pa., for relator.

Robert M. Anderson, Asst. U. S. Atty., of Philadelphia, Pa., for respondent.

DICKINSON, Circuit Judge. The conclusion reached is that the relator should be discharged.

### Discussion.

The relator came to this country in July, 1923. There is no record that this passport was viséd. The deportation order is based upon section 19 of the Act of February 5, 1917 (8 USCA § 155); the relator being subject to deportation under the provisions of the Act of May 22, 1918 (22 USCA 223 et seq.), and the proclamation of the Chief Executive thereunder; the quota law of May 19, 1921, as construed by resolution approved May 11, 1922 (Comp. St. 4289½–4289½dd) being applicable. Had the relator come to the United States after July 1, 1924, the power to deport him would be clear. It is admitted, however, that the provisions of the act of that date are not retroactive. The distinction must be recognized between a law made for the guidance of officials in a direction that passports should be viséd and a law which deports the immigrant because of the absence of such visé. The act of 1924 (8 USCA §§ 166, 167, 179, 201–226) confers this latter power, and so likewise does the proclamation of the President. The act of 1924, we have seen, is not applicable, and the act under which the proclamation was made was a war measure, which has since been repealed.

[1, 2] The relator charges that the "fair hearing" to which he has a right has been denied him; in that there is no evidence upon which the findings are based. The record bears him out in this. A man who had a serious grievance against the father of the relator sought to revenge his wrongs by in-

forming the immigration officials that the son had unlawfully entered the United States and was a proper subject for deportation proceedings. The desire for revenge is a very human feeling, which this informant may be excused for harboring. There is a strong probability that he speaks the truth, in that the relator came to this country as a member of the crew of the vessel on which he came, and not as a passenger, as he has testified. There is nothing, however, upon which to base the affirmative findings made, other than the ex parte information given to the officials. The real finding is the negative one, that the statements of the relator are discredited. This makes out merely a case of strong suspicion. If this were enough, we could readily concur; but the relator does not carry the burden of the proof imposed upon him. There are provisions in the law supporting this view, but they have been held to apply only to immigrants of another race.

[3] It is urged that what are called the war measure provisions have not been repealed (as we have found), but were expressly kept in force by the Act of March 2, 1921 (41 Stat. 1217 [22 USCA § 227]). This is true, so far as respects the requirement of passports and visés. It is not true, however, in respect to the power to deport. This is the distinction which we before attempted to express.

An order discharging the relator without day may be submitted.