**UNITED STATES ex rel. FANECO v. CORSI, Commissioner of Immigration.**

District Court, S. D. New York.

April 8, 1932.

William I. Cohen, of New York City, for relator.

George Z. Medalie, U. S. Atty., of New York City (Ira Koenig, of New York City, of counsel), for respondent.

**FRANK J. COLEMAN, District Judge.**

The alien, a native and citizen of Portugal, had been a resident of Brazil for about eleven years when in 1923 he decided to come as an immigrant to the United States. Being unable to procure his own Portuguese passport because of failure to perform military service, he got possession of a Portuguese passport issued to one Chrisostomo and had it viséed by the American consul in Brazil. Upon his arrival at the Port of New York he impersonated Chrisostomo and was admitted upon the latter's passport and visé.

He remained in this country until 1927, when he went to Portugal returning to this country in 1928 under a re-entry permit issued in the name of Chrisostomo. He has been here ever since, and the question of his deportation arose only when he made an application for a re-entry permit under his own name in contemplation of another trip to Portugal. His wife and child and all his relatives are still in Portugal.

There is no question raised as to any statute of limitations, and counsel for the relator concedes that the writ must be dismissed if the alien was deportable after his entry in 1923. He was certainly excludable on his arrival on that occasion. The Act of May 22, 1918 (22 USCA §§ 223–226), supplemented by the presidential proclamations made under it, required a properly viséed passport as a condition to entry into this country, and this requirement was extended by the Act of March 2, 1921 (22 USCA § 227). So that when the alien first arrived with no passport of his own the law required him to be excluded. The alien's contention is that after the entry the law did not permit his deportation even though his entry was accomplished by a criminal fraud upon the United States; and this contention is based upon the theory that the Act of March 2, 1921, which extended the requirement for passport and visé, did not extend the power to deport for noncompliance with that requirement.

This contention is directly contrary to the decision of the Circuit Court of Appeals of the Eighth Circuit in Felich v. Meier, 23 F.(2d) 185. It finds some support in the Seventh Circuit [United States ex rel. Costea v. Smith (D. C.) 36 F.(2d) 503, reversed on another ground (C. C. A.) 46 F.(2d) 229], and in the Third Circuit [United States ex rel. Chila v. Hughes (D. C.) 24 F.(2d) 707]; but it seems contrary to the general tenor of the decisions in our own circuit. Goldsmith v. United States, 42 F.(2d) 133; United States on Petition of Albro, ex rel. Graber v. Karnuth, 30 F.(2d) 242; United States ex rel. Le Grazie v. Wallis (D. C.) 278 F. 838; United States ex rel. London v. Phelps, 22 F.(2d) 288. The weight of the authority is on the side of reason in this case and the writ must be dismissed. Settle order on notice.