UNITED STATES ex rel. VAJTA v. WATKINS.

No. 118, Docket 21495.

United States Court of Appeals Second Circuit.

Argued Dec. 16, 1949.

Decided Jan. 5, 1950.

Hyman Margolis, Brooklyn, N. Y., for relator-appellant.

Irving H. Saypol, United States Attorney, New York City, William J. Sexton, Assistant United States Attorney, New York City, Louis Steinberg, District Counsel, U. S. Department of Justice, Immigration and Naturalization Service, New York City, Max Blau, Attorney, U. S. Department of Justice, Immigration and Naturalization Service, New York City, Lester Friedman, Attorney, U. S. Department of Justice, Immigration and Naturalization Service, New York City, of counsel, for respondent-appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The appellant is a native of Hungary who now claims to be stateless. He entered this country at the Port of New York on December 16, 1947, being admitted as a temporary visitor for six months on a non-immigration visa issued under the provisions of Section 15 of the Immigration Act of 1924, as amended, 8 U.S.C.A. § 215.

Soon after his entry, he was arrested on a deportation warrant and charged with being illegally in this country on various grounds as to all of which, except one, he prevailed after hearing. He was, however, ordered deported on the ground that he was an alien whose entry was "prejudicial to the interests of the United States," within 8 C.F.R. 175.53 and who consequently could have been excluded under 8 C.F.R. 175.57.[1] The Board of Immigration Appeals reversed; directed that the proceedings be terminated; and ordered that the relator be given a reasonable time to depart voluntarily, his allowed stay under his visitor's permit having expired. It then certified the case to the Attorney General pursuant to 8 C.F.R. 90.12, and the Attorney General reversed the order of the Board of Immigration Appeals and reinstated the deportation order. The relator then applied for a writ of habeas corpus and has taken this appeal from its dismissal.

Except for the fact that he was allowed to enter as a temporary visitor, the appellant is in the same situation as was the alien temporarily and then permanently excluded in United States ex rel. Knauff v. Watkins, 2 Cir., 173 F.2d 599, certiorari granted, 336 U.S. 966, 69 S.Ct. 941. While it may be that the Knauff case will be reversed, we are, for the time being at least, disposed to follow it and that reduces the issues for consideration on this appeal to one, whether the Knauff case is distinguishable because it dealt with an alien who was temporarily excluded while this relator was temporarily admitted.

The applicable statute is Section 19 of the Immigration Act of 1917, 8 U.S.C.A. § 155, and reads, in pertinent part, as follows: "(a) At any time within five years after entry, any alien who at the time of entry was a member of one or more of the

---

1. These regulations were promulgated pursuant to the Act of May 22, 1918, 40 Stat. 559, as amended, 55 Stat. 252, 22 U.S.C.A. § 223 and Presidential Proclamation No. 2523, Nov. 14, 1941, 55 Stat. 1696. See United States ex rel. Knauff v. Watkins, 2 Cir., 173 F.2d 599, certiorari granted, 336 U.S. 966, 69 S.Ct. 941.

classes excluded by law; * * * shall, upon the warrant of the Attorney General, be taken into custody and deported. * * * "

■ While this alien was in this country before his entry was found by the proper authorities to be prejudicial to the interests of the United States, in a very real sense he "at the time of entry was a member of one or more of the classes excluded by law." As pointed out in the Knauff case, supra, the regulations provide a method of determining before entry whether an alien is excludable on the ground upon which this alien has been ordered deported after entry. But if for any reason an alien whose entry is prejudicial to the interests of the United States is not, as he should be, temporarily excluded by an immigration inspector, we do not think he thereby obtains immunity from deportation. A construction of Section 19(a) which would require that the determination that he is excludable be made at the time of entry, if at all, seems too formal. See U. S. ex rel. Faneco v. Corsi, D. C., S. D. N. Y., 57 F.2d 868, affirmed without opinion, 2 Cir., 61 F.2d 1043.

■ Appellant relies upon the enactment, after his entry, of Public Law 552, 80th Cong., 2d Sess., which amended the Act of October 16, 1918, 40 Stat. 1012, as amended, 41 Stat. 1008-09, 54 Stat. 673, 8 U.S.C.A. § 137, so as to make it provide, among other things, that "aliens who the Attorney General knows or has reason to believe seek to enter the United States for the purpose of engaging in activities which will endanger the public safety of the United States" shall upon warrant of the Attorney General be taken into custody and deported. The argument is that this enactment would have been unnecessary if—without it—aliens who, like appellant, were excludable on the ground of their entry's being prejudicial to the United States but who had been permitted to enter, could nevertheless subsequently be taken into custody and deported. This argument fails, however, to take into account the fact that the Act of October 16, 1918, as amended, 8 U.S.C.A. § 137, is not limited to time of war or national emergency while the Act of May 22, 1918, as amended, 22 U.S.

C.A. § 223, under which appellant was excludable, is so limited. Moreover, the provisions of the former Act expressly apply irrespective of the period of time that has elapsed after the alien's entry, while those of Section 19(a), supra, permit arrest and deportation only within five years after entry. In other words, the insertion into the Act of October 16, 1918, which covers aliens in peace as well as war time and is applicable irrespective of time of entry, of a provision regarding aliens like appellant here, indicates only that Congress was concerned with extending the scope of protection previously afforded to the country; it does not indicate that such protection, at least for five years after entry, was not previously afforded while the country was at war or while a national emergency existed.

We hold that an excludable alien who has entered is within an excluded class for the purposes of Section 19(a), supra, whenever he is found, within five years after entry, to be excludable pursuant to the same provisions of law which, if they had been invoked before entry, would have brought about his exclusion.

Order affirmed.