Henrik MANNERFRID, Plaintiff,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, Defendant.

Civ. A. No. 4258-54.

United States District Court District of Columbia.

Jan. 30, 1956.

Jack Wasserman, Washington, D. C., Sam Harris, New York City, for plaintiff.

Leo A. Rover, U. S. Atty., Oliver Gasch, Frank H. Strickler and Joseph M. F. Ryan, Jr., Asst. U. S. Attys., Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This cause came on to be heard on cross-motions for summary judgment.

Plaintiff is a native and citizen of Sweden who first came to the United States as a temporary business visitor on June 4, 1941. Extensions of his temporary stay were granted until 1947.

On March 16, 1943, plaintiff claimed draft exemption as a neutral alien. Deportation proceedings were instituted in 1948, after which plaintiff departed to Canada, secured an immigration visa, and reentered the United States on April 5, 1949. Thereafter he left and reentered the United States on eleven occasions with reentry permits, prior to his last entry on July 5, 1952.

On April 17, 1951, plaintiff filed a petition for naturalization. This was denied on the ground that he was ineligible to citizenship having once claimed draft exemption under Form DSS 301. See Application of Mannerfrid, D.C., 101 F. Supp. 446, Mannerfrid v. United States, 2 Cir., 200 F.2d 730, 345 U.S. 918, 73 S. Ct. 729, 97 L.Ed. 1351.

■■ In 1953 the Immigration Service instituted deportation proceedings against him upon the theory that he was ineligible to receive a visa in 1949 in that he was ineligible to citizenship and that his entry in 1949 and all his subsequent reentries were actually illegal. A final order of deportation was entered by the Board of Immigration Appeals on September 3, 1954.

8 U.S.C.A. § 1251(a) (1) provides that "any alien in the United States * * * shall, upon the order of the Attorney General, be deported who—(1) at the time of entry was within one or more of the classes of aliens·excludable by the law existing at the time of such entry". The law at the time of plaintiff's 1949 entry was that no alien ineligible to citizenship shall be admitted to the United States unless he fell within certain exceptions which are not applicable here. See 8 U.S.C.A. § 213(c).

While the inequities in this case are patent, the law as it now stands provides no relief. The federal courts which presided over the naturalization hearings acknowledged, recited, and assumed for purposes of the case, that plaintiff had been lawfully admitted for permanent residence in 1949. They were not advised to the contrary by the government. Yet a redetermination of plaintiff's 1949 admission cannot be held to have been foreclosed to the government under the doctrine of judicial *res judicata*. Lawful admission was not actually litigated. A determination was not essential to the actual decision made. *Res judicata* of this issue would have obtained had the court held plaintiff eligible for citizenship for a prerequisite to such finding would have been lawful admission for permanent residence.

The doctrines of administrative *res judicata* or the law of the case afford plaintiff no relief. In contemplation of law, if plaintiff was not entitled to be admitted legally in 1949, no law of the case or estoppel can be asserted as a defense against the sovereignty of the United States. It cannot properly be said that plaintiff acquired a technical right to remain in the United States, regardless of the equities attaching to his particular case.

■ The denial of argument before the special inquiry officer of the Immigration Service and his failure to consider counsel's brief prior to rendering his decision occasioned less than a full hearing, but in view of Marcello v. Bonds, 1955, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107, and 8 U.S.C.A. § 1252(b), and in light of the full hearing before the Board of Immigration Appeals we cannot hold that due process was denied.

With considerable reluctance we are forced to conclude that summary judgment be granted defendant.

Counsel for defendant will prepare an order consistent with this finding.