Henrik **MANNERFRID**, Appellant,

v.

Herbert **BROWNELL**, Jr., Attorney General of the United States, Appellee.

No. 13242.

United States Court of Appeals District of Columbia Circuit.

Argued June 29, 1956.

Decided Oct. 18, 1956.

---

**1.** 31 Stat. 1345 (1901), amended, 49 Stat. 539 (1935).

Before PRETTYMAN, BAZELON and DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant Mannerfrid instituted in the District Court a civil action for declaratory judgment [1] and for injunctive and other relief. He alleged that the defendant Attorney General of the United States was about to deport him. In brief the facts developed in the complaint and answer were that Mannerfrid entered the United States in 1941 and obtained successive extensions of time to remain here until he was admitted as a permanent resident in April, 1949. Thereafter on approximately thirteen occasions he received reentry permits and reentered the United States under such permits. Meantime, in March, 1943, he executed and filed a form known as DSS Form 301, which is an application by an alien for relief from military service.

In 1951 Mannerfrid applied for naturalization. The District Court for the Southern District of New York denied the application because Mannerfrid had filed DSS Form 301.[2] The applicable statute provided that an alien might claim exemption from military service "but any person who makes such application shall thereafter be debarred from becoming a citizen of the United States".[3] The Court of Appeals for the Second Circuit affirmed the District Court.[4]

A provision of the Immigration and Nationality Act [5] reads as follows:

"(a) Any alien in the United States * * * shall, upon the order of the Attorney General, be deported who—

"(1) at the time of entry was within one or more of the classes of

Mr. George Spiegelberg, of the bar of the Court of Appeals of New York, New York City, pro hac vice, by special leave of Court, with whom Messrs. Jack Wasserman and Ralph Becker, Washington, D. C., were on the brief, for appellant. Mr. David Carliner, Washington, D. C., also entered an appearance for appellant.

Mr. John W. Kern, III, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Messrs. Lewis Carroll and Joseph M. F. Ryan, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mrs. Lorraine Wall Hurney, Atty., Office of Gen. Counsel, Immigration and Naturalization Service, also was on the brief for appellee.

1. Declaratory Judgments Act, 62 Stat. 964 (1948), as amended, 68 Stat. 890 (1954), 28 U.S.C. § 2201.

2. Application of Mannerfrid, 101 F.Supp. 446 (1951).

3. Sec. 3(a), Selective Training and Service Act of 1940, 54 Stat. 885, as amended by the Act of Dec. 20, 1941, 55 Stat. 845 [now 50 U.S.C.A.Appendix, § 454(a)].

4. Mannerfrid v. United States, 2 Cir., 200 F.2d 730 (1952), certiorari denied 345 U.S. 918, 73 S.Ct. 729, 97 L.Ed. 1351 (1953).

5. Sec. 241(a) (1), 66 Stat. 204 (1952), 8 U.S.C.A. § 1251(a) (1).

aliens excludable by the law existing at the time of such entry;

"* * * *."

The Immigration Act of 1924 provided: "No alien ineligible to citizenship shall be admitted to the United States * * * [with immaterial exceptions.]" [6] And the same Act, as amended in 1945, provided:[7]

"The term 'ineligible to citizenship', when used in reference to any individual, includes an individual who is debarred from becoming a citizen of the United States under * * * section 3(a) of the Selective Training and Service Act of 1940, as amended * * *."

The Attorney General contends that under the foregoing statutory provisions Mannerfrid was, by final decision of the Court of Appeals, debarred from becoming a citizen under Section 3(a) of the Selective Service Act; that he therefore could not be lawfully admitted to the United States; that therefore he was excludable at the time of his entry; and, finally, that therefore he must be deported.

Mannerfrid says that in 1948 he presented to the Attorney General an application for pre-examination; that the Attorney General found that he was not ineligible for citizenship or admission to permanent residence; and that he thereafter went to Canada and returned with a visa as a permanent resident. He says that both the District Court in New York and the Court of Appeals for the Second Circuit recited, and thus found, that he was lawfully admitted into the United States for permanent residence in 1949. His argument is that the determination of the Attorney General, never having been reversed or modified, is binding upon the Immigration and Naturalization Service; that the courts' findings are *res judicata;* and that the Government is estopped on equitable

principles from deporting him by the Attorney General's ruling.

District Judge Youngdahl wrote a concise and complete memorandum opinion and granted the Attorney General's motion for summary judgment.[8] We agree with his discussion and think nothing need be added to it. Upon that basis the judgment must be and is

Affirmed.

---

6. Sec. 13(c), 43 Stat. 162 [now 8 U.S.C.A. § 1182(a) (22)].

7. Sec. 28(c), 43 Stat. 168, as amended

by the Act of Oct. 29, 1945, 59 Stat. 551 [now 8 U.S.C.A. § 1101(a) (19)].

8. 145 F.Supp. 55 (1956).