Ahmet Haci MEMISHOGLU, Petitioner-Appellant,

v.

Walter H. SAHLI, District Director of Immigration and Naturalization, Respondent-Appellee.

No. 13389.

United States Court of Appeals
Sixth Circuit.

Aug. 13, 1958.

Louis M. Hopping, Detroit, Mich., Ben C. Shapero, Detroit, Mich., on brief, for appellant.

John L. Owen, Asst. U. S. Atty., Detroit, Mich., Fred W. Kaess, U. S. Atty., Detroit, Mich., on brief, for appellee.

Before McALLISTER, MILLER and BAZELON, Circuit Judges.

PER CURIAM.

Appellant, a native and citizen of Turkey, entered the United States in September 1938 with a student non-

immigration visa under § 4(e) of the Immigration Act of 1924, now 8 U.S.C.A. § 1101(a) (15) (F). In 1940 he registered for Selective Service as an alien temporarily in the United States who had not declared his intention to become a citizen. On December 4, 1943, he filed an "Application for Relief from Military Service as an Alien Citizen of a Neutral Country" (Selective Service Form DSS–301) and was thereafter classified 4–C. Under § 3(a) of the Selective Service Act of 1940, as amended,[1] execution of the application renders the alien ineligible for United States citizenship. That legal consequence is clearly stated on the application form.

After extensions of appellant's visa had expired in 1948, a warrant of arrest for deportation was issued against him. An application for suspension of deportation was denied by the Assistant Commissioner of Immigration in April 1952 on the ground of ineligibility for citizenship. The Board of Immigration Appeals not only upheld this denial on the stated ground, but also decided that, even if appellant were eligible for citizenship, on the facts of his case suspension of deportation should be denied as a matter of discretion. This determination having become final, and appellant having been taken into custody for deportation, he brought this petition for writ of habeas corpus. The District Court denied the petition and this appeal followed.

We think the District Court was clearly right. Ceballos v. Shaughnessy, 1957, 352 U.S. 599, 77 S.Ct. 545, 1 L.Ed.2d 583.

Under the applicable regulations, 32 C.F.R. § 611.21(b), appellant's status as "a person residing in the United States" within the meaning of § 3(a) of the Selective Training and Service Act of 1940, as amended, is taken as confessed unless he applied for determination of non-residence (on Selective Service Form DSS–302) on or before May 16, 1942. Machado v. McGrath, 1951, 90 U.S.App.

D.C. 70, 193 F.2d 706, certiorari denied 1952, 342 U.S. 948, 72 S.Ct. 557, 96 L.Ed. 705; Mannerfrid v. Brownell, 1956, 99 U.S.App.D.C. 171, 238 F.2d 32, certiorari denied 1957, 352 U.S. 1017, 77 S.Ct. 560, 1 L.Ed.2d 550. Because appellant did not apply for such a determination until May 27, 1942, no action was taken on his application. We cannot disturb the Immigration Service's insistence upon strict compliance with the regulations. See Giz v. Brownell, 1956, 99 U.S.App. D.C. 339, 240 F.2d 25, certiorari denied 1957, 353 U.S. 942, 77 S.Ct. 815, 1 L.Ed. 2d 760.

Appellant says that his application for relief under Form DSS–301 should be regarded as a nullity under Moser v. United States, 1951, 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729, because (a) he did not understand the English language sufficiently to make an intelligent choice between the alternatives of exemption from the draft and permanent ineligibility for United States citizenship; and (b) he was directed by Turkish officials in the United States to file the application for relief. This contention was considered and rejected by the Board of Immigration Appeals. In reviewing the factual situation, it pointed out that on December 4, 1943, when petitioner executed his application for relief from military service, he had resided in the United States for more than five years, had completed all but one term of a college education, had been employed for three years in a position in industry, which, in its opinion, he could not have held if he was incapable of intelligently understanding the English language, that there was no allegation that he was urged by Draft Board officials to execute Form DSS–301, and that there was no showing that his application for relief from military service would not bar him from becoming a citizen. The Board held that at the minimum the opportunity to make an intelligent election was present. We concur in the ruling. Savoretti

---

1. 54 Stat. 885 (1940); 55 Stat. 845 (1941); 50 U.S.C.A.Appendix, § 303(a) (1946), now 50 U.S.C.A.Appendix, § 454.

v. Small, 5 Cir., 1957, 244 F.2d 292, 297; In re Skender's Petition, 2 Cir., 1957, 248 F.2d 92, 94–95; Mannerfrid v. United States, 2 Cir., 1952, 200 F.2d 730, 732.

Since we hold that appellant was correctly determined to be ineligible for suspension of deportation, we do not reach the question whether denial of suspension was warranted if he was eligible.

Affirmed.