MATTER OF OCAMPO-OCAMPO

In Deportation Proceedings

A-19720615

*Decided by Board June 25, 1971*

Since there is no invariable rule as to the period of voluntary departure time, the special inquiry officer has authority to fix voluntary departure time for a period of less than 30 days where the circumstances of the case so warrant. In assessing the factors pertinent to a judgment as to what constitutes a proper time limit, the special inquiry officer must take into account not only the needs of effective law enforcement, but also the individual circumstances of the alien involved.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

ON BEHALF OF RESPONDENT:    Samuel D. Myers, Esquire
134 N. La Salle Street, Suite 1616
Chicago, Illinois 60602
(Brief filed)

Respondent appeals from an order of a special inquiry officer dated April 1, 1971 finding him deportable on the above-captioned charge and granting him until April 7, 1971 to depart voluntarily from the United States. The appeal will be dismissed.

The facts are not in dispute. Respondent is an unmarried 24-year-old male alien, a native and citizen of Mexico, who entered the United States without inspection on or about February 1, 1971. At a deportation hearing before the special inquiry officer on April 1, 1971, at which he was represented by present counsel, he admitted the truth of the factual allegations of the order to show cause and conceded deportability. Our review of the record satisfies us that deportability has been established by evidence which is clear, convincing and unequivocal.

The only point urged on appeal is that the time allowed for voluntary departure is too short. Since less than thirty days was

707

fixed, appeal is not precluded by 8 CFR 3.1(b)(2), as amended, 36 Fed. Reg. 316 (January 9, 1971).

There is very little in the record relating to voluntary departure. On examination by his attorney, respondent testified, among other things, that he has no close relatives in the United States; that this was his first trip to the United States; that he was not presently employed; that he could pay for his own ticket if granted voluntary departure; that he had $150 and a ticket to Mexico would cost about $116; that prior to his apprehension by the Service about a week previously, he had had no difficulty with the Service. All that appears with respect to departure time is the following (p. 4):

> Q. If you were given the privilege of leaving the United States voluntarily rather than being deported and you were given a period of thirty days or less, could you, and would you, leave within thirty days?
> A. Yes.

On examination by the special inquiry officer, respondent testified that he had not worked since he had been in the United States; that he had been "here" (presumably, meaning Chicago) only two weeks; and that he was then residing in Chicago. Counsel for respondent, when asked, stated he had nothing further to offer. The special inquiry officer then entered his order on Form I-39, giving respondent until April 7, 1971 (a period of six days) within which to depart.

While the record does not reflect why the special inquiry officer fixed such a short departure time, counsel for respondent has given us an explanation in his brief on appeal. With refreshing candor, he states:

> The S.I.O. explained, off the record, that respondent had been in the U.S. only a few months, testified that he had not worked, and that he had about $160. The Hearing Officer felt he, the respondent, would do better to go back to Mexico quickly with a few dollars in his pocket while he could pay for a ticket. Frankly, I sought to persuade my client to do exactly that because I think that position makes some sense. The respondent, however, feels he should be allowed one month to leave. He is getting free room and board, he tells me.

Counsel asserts that this Board has said that, absent unusual factors, thirty days was an appropriate time for voluntary departure. He contends that, in actual practice, thirty days has been "almost an invariable rule."

An alien granted the privilege of voluntary departure should be given a reasonable time within which to depart. In *Matter of*

*M*—, 4 I. & N. Dec. 626 (BIA, 1952), we referred to voluntary departure "within a reasonable time, usually at least 30 days," and stated, "The normal period of voluntary departure is 30 days . . ."

There is, however, no invariable rule and it would be inappropriate to set up any hard and fast formulation. What is a reasonable time in any case must depend upon the circumstances of that case.

The fixing of voluntary departure time, originally committed exclusively to the Service's District Directors, is now confided initially to special inquiry officers, 8 CFR 244.1. This grant of authority to special inquiry officers apparently resulted from charges by the organized immigration bar that District Directors could frustrate the grant of voluntary departure by arbitrarily fixing an inordinately short departure time.[1] In assessing the factors pertinent to an informed judgment as to what constitutes a proper time limit, the special inquiry officer must take into account not only the needs of effective law enforcement, but also the individual circumstances of the alien involved.

The time specified for voluntary departure should be sufficient to make the privilege a meaningful one. It would certainly be improper to adopt a pat formula that 30 days will be sufficient in each case, on the notion that additional time can always be sought, if needed, from the District Director under 8 CFR 244.2. On the other hand, where the alien's circumstances are such that he can readily and conveniently depart in less than 30 days, there appears to be no reason why he should be accorded any more time than he actually needs or asks for.

Although the six-day period fixed in this case is shorter than usual, counsel has not indicated that that it is unreasonably short under the circumstances. Indeed, he agrees that the special inquiry officer's position "makes some sense." By taking this appeal, respondent has obtained the benefit of the automatic stay accorded by 8 CFR 3.6, and has gained an additional period of almost three months. We see no reason to disturb the special inquiry officer's order.

**ORDER:** It is ordered that the appeal be and it is hereby dismissed.

*It is further ordered* that, pursuant to the special inquiry officer's order, the respondent be permitted to depart from the

---

[1] See *Immigration Bar Bulletin*, Vol. XX, No. 1, January–June, 1967, pp. 5–6.

United States voluntarily within six days from the date of this order or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order.