MATTER OF KHAN

In Deportation Proceedings

A-30593139

*Decided by Board July 26, 1973*

The fact an alien was inspected and erroneously admitted to the United States by a Service officer does not operate to estop the Service from deporting the alien.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—Not of status specified in immigrant visa under section 203(a)(9) of Act.

Act of 1952— Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry (section 212(a)(20) of Act)—immigrant, not in possession of a valid immigrant visa.

ON BEHALF OF RESPONDENT:
A. W. Hargreaves, Esquire
Fallon, Hargreaves, Bixby & McVey
30 Hotaling Place
San Francisco, California 94111
(Brief Filed)

Donald L. Ungar, Esquire
Phelan, Simmons & Ungar
517 Washington Street
San Francisco, California 94111

ON BEHALF OF SERVICE:
Bernard J. Hornbach
Trial Attorney
(Brief filed)

The respondent moves us to reconsider our decision of April 17, 1972 dismissing his appeal from the order of the immigration judge, which found the respondent deportable and granted him voluntary departure. The record relates to a male native and citizen of Pakistan, 22 years of age, who was admitted to the United States for permanent residence on March 1, 1971, classified for visa issuance purposes as the accompanying son of a fifth preference immigrant. In fact, the alien whom he was supposed to accompany never came to the United States and died before the respondent's arrival here. In our previous decision we held that the terms "accompanying or following to join" in section 203(a)(9) of the Immigration and Nationality Act do not encompass preced-

397

ing the principal beneficiary of the visa preference classification to this country..

Counsel now puts forth a different theory. He contends that the Government is estopped from deporting the respondent, because the Government admitted him into the United States in the first place. The Immigration and Naturalization Service, however, is not bound by an error committed by an immigrant inspector at the time of admission, *Pearson* v. *Williams*, 202 U.S. 281 (1906); *Mannerfrid* v. *Brownell*, 145 F. Supp. 55 (D.D.C., 1956), affirmed 238 F.2d 32 (D.C. Cir., 1956); *Lazarescu* v. *United States*, 199 F.2d 898 (C.A. 4, 1952), affirming 104 F. Supp. 771 (D. Md., 1952); *U.S. ex rel. Vajta* v. *Watkins*, 179 F.2d 137 (C.A. 2, 1950); *Matter of M—*, 4 I. & N. Dec. 532 (BIA, 1952; and A.G., 1952). Section 241(a)(1) of the Act presupposes that the situation will arise where the alien's excludability at entry will be discovered only after his admission. Counsel's contention would limit enforcement of section 241(a)(1) to cases involving fraud by the alien. That provision, by its terms, reaches all those who manage to enter the United States in violation of the legislative edict barring them. This is true even if the aliens were examined and passed by an immigration officer. Under the pattern of the statute, if the officer erred, or was deceived, the alien may be ordered deported at any subsequent time.

Notwithstanding the original decision to admit him, the respondent's admissibility can be challenged in later deportation proceedings. He was clearly not admissible. The immigrant inspector had no authority to admit him. That officer's error does not operate to estop the Immigration and Naturalization Service from deporting the respondent once the error has been discovered.

**ORDER:** The motion is denied.