## MATTER OF ANAYA

### In Deportation Proceedings

A-20505711

A-20507231

*Decided by Board November 23, 1973*

(1) An alien has no "right" to remain indefinitely in the United States in violation of the immigration laws merely because of the existence of citizen children.

(2) The granting of the indefinite voluntary departure privilege to natives of the Western Hemisphere with citizen ties in the United States is a matter within the sole discretion of the district director and is not reviewable by the Board of Immigration Appeals.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection (both respondents).

ON BEHALF OF RESPONDENTS:
F. B. Godinez, Esquire
P. O. Box 1216
Lubbock, Texas 79408

ON BEHALF OF SERVICE:
Paul C. Vincent
Appellate Trial Attorney

Bernabe Q. Maldonado
Trial Attorney

This is an appeal from an immigration judge's order of May 21, 1973 directing the respondents' deportation to Mexico on the charge contained in the Order to Show Cause. Deportability on the stated charge is conceded. The appeal is directed to the denial of an application for voluntary departure in lieu of deportation. The appeal will be dismissed.

The respondents, husband and wife, are natives and citizens of Mexico. At the deportation hearing, it was established that they are the parents of two United States citizen children, and that they have registered with the United States consul in Juarez and have received a priority date of April 23, 1973 for the issuance of immigrant visas. The record also indicates that as of the time of the hearing no visas were being issued to Western Hemisphere natives with priority dates after August 1, 1971. For the purposes of this case, we shall assume that December 1974 approximates

488

the date when immigrant visas will become available to the respondents.

The respondents requested that they be granted until December 1974 within which to depart voluntarily, so that they might remain in the United States until they could obtain immigrant visas. The trial attorney opposed the respondents' request on the ground that the amount of time was unreasonable. The immigration judge offered the respondents voluntary departure if they would agree to depart within 90 days. Through counsel, the respondents announced their intention to remain in the United States until December 1974. Counsel argued that the respondents had a "right" to remain in the United States because of their citizen children and stated that they would insist on the December 1974 departure date in order to perfect an appeal on that point. The trial attorney took the position that the respondents' attitude represented an unwillingness to depart promptly as required by the regulations governing voluntary departure. The immigration judge agreed with the trial attorney. After warning counsel that he was foreclosing a determination that the respondents were ready and willing to depart promptly, the immigration judge reluctantly ordered the respondents' deportation.

On appeal, the respondents attack the immigration judge's refusal to grant them voluntary departure. They contend that they have a "right" to remain in the United States until December 1974 because their deportation will constructively deport their United States citizen children, thereby depriving the children of their constitutional rights. The short answer to this contention is that "whatever rights the child[ren] may have under the Constitution do not authorize the respondents to remain here in violation of the immigration laws." *Matter of Lopez*, Interim Decision No. 2224, at 2 (BIA 1973). Furthermore, it is well established that the parents' deportation will not deprive the minor citizen children any constitutional rights. *U.S. ex rel. Hintopoulos* v. *Shaughnessy*, 353 U.S. 72 (1957); *Perdido* v. *INS*, 420 F.2d 1179, 1181 (C.A. 5, 1969); *Dayao* v. *Staley*, 303 F. Supp. 16 (S.D. Tex. 1969), aff'd per curiam, 424 F.2d 1131 (C.A. 5, 1970); *Mendez* v. *Major*, 340 F.2d 128, 131–32 (8 Cir. 1965); *Aalund* v. *Marshall*, 461 F.2d 710, 714 (C.A. 5, 1972); *Application of Amoury*, 307 F. Supp. 213, 216 (S.D.N.Y. 1969).

We have held that what is a reasonable time for voluntary departure must depend on the circumstances of each case. *Matter of Ocampo-Ocampo*, 13 I. & N. Dec. 707 (BIA 1971). The immigration judge decided that the amount of time requested by the respondents was unreasonable and that a reasonable period was 90 days. We conclude that this determination by the immigration

judge was based on the proper considerations and was entirely reasonable.

Insisting upon their "right" to remain until December 1974, the respondents refused to agree to depart within 90 days. The regulation governing the grant of voluntary departure states that:

> ... *if the alien establishes that he is willing* and has the immediate means with which *to depart promptly* from the United States, an immigration judge in his discretion may authorize the alien to depart voluntarily from the United States in lieu of deportation.... (8 CFR 244.1 (emphasis added).)

The immigration judge was correct in determining that the respondents' attitude foreclosed a finding that they were "willing to depart promptly" as required by the regulation. Thus, his denial of the privilege of voluntary departure was correct.

The respondents also allege that the denial of voluntary departure was an unconstitutional discrimination. Their counsel has submitted a letter written by the Associate Commissioner of Operations of the Immigration and Naturalization Service, dated April 3, 1973. That letter states in part:

> Effective immediately, under the changed policy, a Western Hemisphere native will, as a matter of discretion, be granted extended voluntary departure if he is admissible to the United States as an immigrant and he is an immediate relative of a United States citizen as defined in section 201(b) of the Immigration and Nationality Act, as amended,....

The respondents admittedly do not qualify as immediate relatives, because their citizen children are under 21 years of age. They maintain, therefore, that they are being discriminated against solely on the basis of their citizen children's age.

As used in that letter, the term "extended voluntary departure" means a grant of indefinite voluntary departure, that is, voluntary departure with no date specified. The policy delineated in the letter is not directed to immigration judges, since they do not have the authority to grant indefinite voluntary departure. *Matter of Chamizo*, 13 I. & N. Dec. 435 (BIA 1969). Therefore, the Service policy mentioned in the letter has no relation to the correctness of the immigration judge's decision in the present case.

Indefinite voluntary departure is a matter within the sole discretion of the District Director and may be granted without the institution of deportation proceedings or upon an application for an extension of the time initially set by an immigration judge for voluntary departure. 8 CFR 242.5(b); 8 CFR 244.2. We have no authority to review such an exercise of discretion by a District Director. 8 CFR 242.5(b); 8 CFR 244.2; *Matter of Geronimo*, 13 I. & N. Dec. 680 (BIA 1971); *Matter of Wong*, 13 I. & N. Dec. 258 (BIA 1969). Therefore, we have no power to consider the respondents' challenge to the Service policy laid down in the letter. Further-

490

more, we note that federal courts have rejected constitutional challenges to the age requirement of section 201(b). *Perdido* v. *INS*, 420 F.2d 1179, 1181 (C.A. 5, 1969); *Faustino* v. *INS*, 432 F.2d 429 (C.A. 2, 1970), cert. denied, 401 U.S. 921 (1971); *Application of Amoury*, 307 F. Supp. 213, 216-17 (S.D.N.Y. 1969).

Based on the foregoing, we find that the decision of the immigration judge was correct. The appeal will accordingly be dismissed.

**ORDER:** The appeal is dismissed.