MATTER OF MORALES

In Deportation Proceedings

A–30794500

*Decided by Board July 28, 1975*

(1) Respondent was admitted for permanent residence in possession of an immigrant visa issued to him as the spouse of a United States citizen upon the basis of a visa petition approved by the Service subsequent to the commencement, and prior to the conclusion, of deportation proceedings instituted against his wife which resulted in a determination, ultimately sustained by the U. S. Court of Appeals, that she was not in fact a citizen of the United States. Notwithstanding the visa petition approval may have been an erroneous act, there was no "affirmative misconduct" and the Service is not estopped in subsequent deportation proceedings against respondent from showing that his wife was not a citizen. The fact a formal decision was made on the visa petition does not, by itself, give substantial weight to respondent's equitable estoppel argument; the approval of the petition was by no means a final determination of the citizenship claim of respondent's wife.

(2) Respondent, who is deportable under section 241(a)(1) of the Immigration and Nationality Act based on excludability at entry under section 212(a)(20), is ineligible for the benefits of section 241(f) of the Act (*Matter of Montemayor*, 15 I. & N. Dec. 353).

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry under section 212(a)(20) [8 U.S.C. 1182(a)(20)]—immigrant not in possession of valid immigrant visa

ON BEHALF OF RESPONDENT:
Alex R. Gonzalez, Esquire
122 North Main Street
P. O. Box 1726
Fort Stockton, Texas 79735

ON BEHALF OF SERVICE:
William E. Weinert
Trial Attorney

In a decision dated April 13, 1973, we dismissed the respondent's appeal from an order of an immigration judge in these deportation proceedings. The respondent has submitted a motion seeking a reopening of his case. The motion will be denied.

The respondent is a native and citizen of Mexico who was admitted to the United States as an immigrant in July of 1970. His eligibility for admission as a lawful permanent resident was in part based on his marriage to an alleged United States citizen. In proceedings commenced prior to the respondent's admission, and concluded after his arrival, it

was determined that the respondent's wife was not in fact a citizen of the United States.

The respondent does not presently contend that his wife is a citizen of the United States. However, he moves to reopen the proceedings, arguing both that the Service should be estopped from showing that his wife has never been a citizen, and that, in any event, his deportation is precluded by virtue of section 241(f) of the Immigration and Nationality Act.

The record indicates that the respondent's wife filed a visa petition in his behalf in 1969. Thereafter, in January of 1970, the Service instituted deportation proceedings against the respondent's wife. Those proceedings were ordered terminated by an immigration judge after he found that the Service had not shown that the respondent's wife was an alien. The Service took an appeal to this Board from the immigration judge's order. Our decision on the Service's appeal, of which we take administrative notice, shows that the immigration judge's order terminating proceedings in favor of the respondent's wife was entered on March 26, 1970. The Service, which until then had not acted on the wife's visa petition, approved that petition on March 30, 1970, only four days after the immigration judge had ruled in favor of the respondent's wife.

The record does not disclose the date on which the Service took its appeal from the immigration judge's order terminating the wife's deportation proceedings. The appeal, however, was sustained, and we remanded the record for further proceedings. Nevertheless, during the pendency of that appeal the respondent was admitted to the United States on the basis of his claim to being the spouse of a citizen.

The finding of deportability against the respondent's wife was ultimately sustained by the United States Court of Appeals for the Fifth Circuit. The respondent, however, contends that the Service should be estopped from showing that his wife was not a citizen. This would effectively preclude the Service from demonstrating that the respondent's immigrant visa was invalid.

There have been several court cases indicating that, under certain circumstances, the doctrine of equitable estoppel is applicable to the Federal government, even when acting in a "sovereign" capacity. See e.g. *United States* v. *Lazy FC Ranch*, 481 F.2d 985 (C.A. 9, 1973); *Gestuvo* v. *district director*, 337 F. Supp. 1093 (C.D. Cal. 1971). However, we know of no Supreme Court decision specifically endorsing this view. *Moser* v. *United States*, 341 U.S. 41 (1951), relied upon by counsel, does not purport to be an estoppel case. Furthermore, in *INS* v. *Hibi*, 414 U.S. 5 (1973), the Supreme Court indicated that, if applicable at all, estoppel in the area of citizenship could only arise after "affirmative misconduct" on the part of the government.

In this case, the Service approved the visa petition almost im-

mediately after an immigration judge had adjudicated the claim to citizenship in favor of the respondent's wife, and well before our reversal of the immigration judge on appeal. While there may have been an erroneous action taken, there was no "affirmative misconduct" as we interpret that phrase. The law as enacted by Congress cannot be changed by the mere erroneous act of a government official. See *Federal Crop Ins. Corp.* v. *Merrill*, 332 U.S. 380 (1947); *United States* v. *City & County of San Francisco*, 310 U.S. 16 (1940), *Utah Power & Light Co.* v. *United States*, 243 U.S. 389 (1917); *Matter of Polanco*, 14 I. & N. Dec. 483 (BIA 1973); *Matter of Khan*, 14 I. & N. Dec. 397 (BIA 1973).

The fact that there was a formal decision made with respect to the visa petition does not, by itself, give substantial weight to the respondent's equitable estoppel argument. The approval of the petition was by no means a final determination of the citizenship claim of the respondent's wife. Cf. *Pearson* v. *Williams*, 202 U.S. 281 (1906). In addition, the respondent should have been well aware that the Service was not conceding the citizenship of his wife, because at the time of the respondent's admission to the United States his wife's case was still on appeal.

The immigration judge properly refused to estop the Service from presenting its case with respect to the citizenship of the respondent's wife.

The respondent also argues that he cannot be deported on the charge specified in the order to show cause by virtue of section 241(f) of the Act. However, in *Matter of Montemayor*, 15 I. & N. Dec. 353 (BIA 1975), we held that the construction of section 241(f) adopted by the Supreme Court in *Reid* v. *INS*, 420 U.S. 619, 95 S. Ct. 1164 (1975), precluded the application of section 241(f) to a section 241(a)(1) charge of deportability based on section 212(a)(20). See *Guel-Perales* v. *INS*, 519 F.2d 1372, (C.A. 9, 1975). This is the precise charge against the respondent.

We can perceive no useful purpose that would be served by reopening these proceedings. The motion will be denied.

ORDER: The motion is denied.

**Theodore P. Jakaboski, Alternate Member, Dissenting:**

I respectfully dissent.

The issue in this acae is not whether the Immigration and Naturalization Service should be estopped from showing that the respondent's wife has never been a citizen. As the Trial Attorney correctly noted in his brief, the issue actually is quite different i.e., whether the Service is estopped from denying the validity of the respondent's immigrant visa as an immediate relative of a United States citizen.

In this case the respondent, a native and citizen of Mexico, entered the United States as an alien admitted for lawful permanent resident on

July 17, 1970. At that time he was admitted on the strength of an immigrant visa issued to him on the basis of his purported status as the immediate relative (spouse) of a United States citizen. He received this status on March 30, 1970, when the district director approved the petition to classify his status filed by his wife on April 15, 1969.

The reason an order to show cause has been filed in the respondent's case is that the Immigration and Naturalization Service subsequently established that the respondent's wife was not a citizen of the United States. That determination was upheld *Chacon-Ramierez* v. *INS*, 468 F.2d 950 (C.A. 5, 1972). Now the Service takes the position that the respondent is deportable because his visa was improperly issued to him because he was not in fact the husband of a United States citizen.

The district director had approved the petition to classify status just four days after an immigration judge of the Immigration and Naturalization Service had rendered a decision terminating deportation proceedings brought against this respondent's wife on the ground that the Service had failed to carry its burden of establishing the wife's alienage. The Service's action in approving the petition to classify status occurred before the Service appealed the immigration judge's opinion on April 6, 1970. That appeal was sustained by the Board. In reopened proceedings the immigration judge found the respondent's wife not to be a citizen and ordered her deportation. That decision was sustained upon judicial review.

An order to show cause was not issued in connection with the respondent until July 19, 1972, a few days more than two years after he was admitted as the immediate relative of a United States citizen.

On this set of facts the majority declines to make a finding that the Service should be estopped. I do not agree with their finding that there has been no "affirmative misconduct" in the present case. Granted, no illegal act has been committed against the respondent. I do not believe one is required. The respondent, however, did rely, obviously much to his detriment, on the district director's approval of his status as the spouse of a United States citizen. After all, the respondent's spouse had applied for immediate relative status for him back in April 15, 1969, more than three years before the issuance of an order to show cause. During this time the respondent could have pursued a visa in his own right without relying upon the fact of marriage to a United States citizen. As a native of Mexico he is a "special immigrant" as that term is defined in section 101(a)(27)(A) of the Act. At the time the waiting list for special immigrants was slightly under two years.

The Immigration Service had two opportunities of preventing the respondent's predicament. First, the Service should have known on March 30, 1970 whether or not it intended to appeal the immigration judge's decision of March 26, 1970 which found the respondent's wife not

to be an alien..Next, the Service had a quarter of a year between April 6, 1970, when it filed its appeal, and July 19, 1970, when the respondent was admitted, to revoke the approval granted on March 30, 1970. It did nothing.

The respondent entered on July 19, 1970, almost as if he had fallen into a trap set by the Service. It seems too much to suggest that the respondent should have known better. How could he have known? All the while he had in his hands an unrevoked document attesting to the fact that the Immigration and Naturalization Service had approved the status he needed for obtaining an immigration visa. If knowledge is to be imputed to anyone, it should be imputed to the Service. Consequently, it would be unconscionable to permit the Service at this late date to turn around and charge the respondent with deportability on the ground that his visa was defective. Would it be fair play to deport the respondent, who, after all, would not have been admitted to this country except for the Service's error which was of several month's duration? I think not. In my opinion the Service should be estopped from bringing proceedings against this respondent. I therefore, would grant the motion to reopen to raise the bar of equitable estoppel.