Brigildo RESURRECCION-TALA-VERA, Appellant,

v.

Bruce G. BARBER, Individually and as District Director of Immigration and Naturalization, Appellee.

No. 14053.

United States Court of Appeals Ninth Circuit.

March 28, 1956.

Lloyd E. McMurray, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY and LEMMON, Circuit Judges, and BYRNE, District Judge.

BYRNE, District Judge.

Talavera, born in the Philippine Islands, entered the United States in 1934. In 1942 he was convicted of first degree burglary and served approximately two years imprisonment in the California state prison. During April, 1952, he made several visits to Mexico and in each instance returned to the United States through the port of Calexico. Following his arrest in August, 1952, hearings were held by the Immigration Service and on July 31, 1953, he was ordered deported pursuant to the provisions of Section 19 of the Immigration Act of 1917, as amended,[1] (formerly 8 U.S.C. § 155, now substantially re-enacted in 8 U.S. C.A. § 1251) upon the ground that he was an alien who had been convicted of a felony involving moral turpitude prior to his latest entry into the United States.

Talavera filed a complaint seeking a judicial review of the administrative action and injunctive relief against the enforcement of the deportation order. On Barber's motion the District Court dismissed the action for failure of the complaint to state a claim upon which relief can be granted.

■ The legality of a deportation order may be tested by judicial review as well as habeas corpus and the Attorney General is not an indispensable party to such a proceeding. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868.

It is the contention of the appellant that having been born in the Philippine Islands at a time when the United States exercised sovereignty over those possessions, he became a citizen by birth under the provisions of the Fourteenth Amendment to the Constitution of the United States defining citizens as "persons born or naturalized in the United States, and subject to the jurisdiction thereof". He further contends that even though it be determined that he is now an alien, he is not subject to deportation since his conviction of a crime involving moral turpitude occurred while he was a national of the United States.

■■ At the time of Talavera's birth he was neither a citizen nor an alien. Born in the Philippines at a time when the United States exercised sovereignty he acquired a hybrid status, viz. that of a non-citizen national. Cabebe v. Acheson, 9 Cir., 183 F.2d 795; Gonzales v. Barber, 9 Cir., 207 F.2d 398, affirmed 347 U.S. 637, 74 S.Ct. 822, 98 L.Ed. 1009. He remained a national of the United States until the proclamation of Philippine independence, July 4, 1946, at which time he acquired the status of an alien. Mangaoang v. Boyd, 9 Cir., 205 F.2d 553; Gonzales v. Barber, supra; Cabebe v. Acheson, supra.

The fact that Talavera was a national of the United States and not an alien at the time of his conviction of the crime involving moral turpitude is irrelevant. The case of Mangaoang v. Boyd, supra, relied upon by appellant, is clearly distinguishable. Mangaoang was ordered deported under the provisions of the Internal Security Act of 1950, which authorized deportation of "* * * (C) Aliens who *are* members of * * * the Communist Party of the United States". § 22, U.S.Code Cong.Service 1950, p. 1001. (Emphasis added.) This court held that the statute in that case required that the deportee be simultaneously an alien and a member of the Communist Party. The statute under which Talavera was ordered deported does not include a requirement that the deportee be an alien at the time of his conviction.

■ The appellant's entry into the United States in 1952 following his visit to Mexico was an "entry" within the meaning of the provisions of Section 19 of the Immigration Act of 1917. United

---

1. "(a) That any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law; * * * any alien who was convicted, or who admits the commission, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude; * * * shall, upon the warrant of the Attorney General, be taken into custody and deported * * *."

States ex rel. Volpe v. Smith, 289 U.S. 422, 53 S.Ct. 665, 77 L.Ed. 1298; Schoeps v. Carmichael, 9 Cir., 177 F.2d 391, certiorari denied 339 U.S. 914, 70 S.Ct. 566, 94 L.Ed. 1340. He was an alien at the time of his entry, and his conviction of a crime involving moral turpitude occurred prior to the entry. It follows that he is subject to deportation under the plain provisions of the Act.

The judgment of the District Court is affirmed.