236 F.2d 934
 Rogue MADRONA BANEZ, Appellant,
v.
John P. BOYD, District Director of Immigration and
Naturalization Service, United States Department
of Justice, and Roy J. Norene, Appellees.
 No. 15001.
 United States Court of Appeals Ninth Circuit.
 Sept. 26, 1956.
Rehearing Denied Oct. 31, 1956.
 
 S. M. Suwol, Portland, Or., for appellant.
 C. E. Luckey, U.S. Atty., Victor E. Harr, Asst. U.S. Atty., Portland, Or., for appellees.
 Before HEALY, POPE and LEMMON, Circuit Judges.
 HEALY, Circuit Judge.
 
 
 1
 This is an appeal from a denial by the district court of the writ of habeas corpus and of an injunction to prevent appellant's deportation.
 
 
 2
 Appellant is a native of the Philippine Islands. He first arrived in the United States as a stowaway on May 4, 1939, and remained in the United States until December 21, 1945, when he shipped out as a member of the crew of an American hospital ship. The vessel went to the Philippines and thence returned to Honolulu where it docked February 26, 1946. Appellant was not then permitted to leave the ship because he was without a passport or substitute document. The vessel arrived in San Francisco March 6, 1946, and appellant was there permitted to leave the ship inasmuch as he had obtained a Philippine document of identification.
 
 
 3
 On March 9, 1949, appellant was arrested pursuant to a warrant stating that he was an immigrant who had entered this country at Honolulu on or about February 12, 1946, without a valid visa or passport in violation of the immigration laws. A deportation hearing was held by an officer of the Immigration and Naturalization Service at Portland in November of 1952, with the result that the hearing officer determined and found that appellant was subject to deportation because at the time of his 1946 entry he did not have the required visa. An order for his deportation was accordingly entered. Appellant sought suspension of the deportation, but his plea was denied 'as a matter of administrative discretion.'[1] An appeal to the Board of Immigration Appeals followed, with the result that the deportation order was upheld.
 
 
 4
 Thereupon a warrant of deportation issued. The warrant stated that appellant had entered the United States May 4, 1939, and was subject to deportation under the Immigration Act of May 26, 1924,1A because he was an immigrant without the required visa. Appellant surrendered to the immigration authorities pursuant to the warrant and then sought relief by habeas corpus in the court below. As already indicated the relief sought was denied, hence this appeal.
 
 
 5
 Appellant's contention is that as an American national he was entitled to enter without a visa. Undoubtedly he was a national of the United States, Brigildo Resurreccion-Talavera v. Barber, 9 Cir., 1956, 231 F.2d 524; but section 8(a)(1) of the Philippine Independence Act of March 24, 1934, 48 Stat. 456, 462, requires that for the purpose of the immigration laws Philippine citizens be treated as if they were aliens.[2]
 
 
 6
 Appellant argues that the 1939 arrival was not an 'entry' because he was an American national traveling from an insular possession of the United States to the mainland. The argument has already been answered. There appears no escape from the proposition that from and after the adoption of the Philippine Independence Act of 1934 the Philippine Islands were regarded as 'foreign' for immigration purposes. See Barber v. Gonzales, 347 U.S. 637, 642, 74 S.Ct. 822, 98 L.Ed. 1009.
 
 
 7
 Finally, appellant contends that he can not be deported for the 1939 entry when only the 1946 entry was charged in the warrant of arrest. However, the record shows that appellant admitted making his original entry in 1939. There was no dispute about the facts of the case. We agree with the holding of the trial court that the warrant of arrest, charging that appellant last entered the United States on February 12, 1946, at which time he was not in possession of a valid immigration visa entitling him to remain, was broad enough to include the original entry in 1939. The Board of Immigration Appeals determined, properly we think, that petitioner is deportable on the basis of either entry.
 
 
 8
 For a general discussion bearing on the case see Barber v. Varleta, 9 Cir., 199 F.2d 419.
 
 
 9
 The order denying the writ is affirmed.
 
 
 
 [1]
 See Jay v. Boyd, 351 U.S. 345, 76 S.Ct. 919
 1A Now 8 U.S.C.A. § 1101 et seq.
 
 
 [2]
 In 1939 there was added to section 8 of the 1934 Independence Act a subsection denominated '(d),' 53 Stat. 1230, which might at first blush be thought to lend some color to appellant's case. However, it is clear that the reason for this amendment was merely to give Filipinos in the United States the same rights as Americans had in the Philippines under section 2(a)(16) of the Independence Act. That this was the sole purpose of the added subsection (d) is clearly indicated in the legislative reports appearing in the Congressional Record bearing on the added subsection. No cases have been found construing this amendment, but we are satisfied that it was not intended to modify or abrogate the provisions of section 8(a)(1) of the Act