256 F.2d 877
 Jose PIMENTAL-NAVARRO, Appellant,
v.
Albert DEL GUERCIO, Acting District Director, Immigration
and Naturalization Service at Los Angeles, California, and
Joseph A. Dummel, Special Inquiry Officer, Immigration and
Naturalization Service at Los Angeles, California, Appellees.
 No. 15745.
 United States Court of Appeals Ninth Circuit.
 June 12, 1958.
 
 David C. Marcus, Los Angeles, Cal., for appellant.
 Laughlin E. Waters, U.S. Atty., Bruce A. Bevan, Jr., Richard A. Lavine, Los Angeles, Cal., for appellee.
 Before POPE, CHAMBERS, and HANLEY, Circuit Judges.
 HAMLEY, Circuit Judge.
 
 
 1
 Jose Pimental-Navarro was ordered deported for having knowingly and for gain assisted, aided, and abetted an alien to enter the United States illegally. Proceeding under the Administrative Procedure Act (5 U.S.C.A. 1001, 1009) and the Declaratory Judgment Act (28 U.S.C.A. 2201), he instituted this action to obtain a review of that order. Judgment was entered for defendants, and plaintiff appeals.
 
 
 2
 It is conceded that the act charged is a specified ground for deportation. See 8 U.S.C.A. 1251(a)(13), quoted in the margin.[1] Appellant contends, however, that his return to the United States on March 4, 1954, following a visit of a few hours in Mexico (on which occasion the deportable act was found to have occurred) did not constitute an 'entry,' within the meaning of the quoted statute, and that his last prior statutory 'entry' occurred more than five years previously.
 
 
 3
 The term 'entry' is defined in 8 U.S.C.A. 1101(a)(13).[2] A return from a foreign port or place following even a brief excursion is an 'entry,' within the meaning of this definition. Resurreccion-Talavera v. Barber, 9 Cir., 231 F.2d 524; Schoeps v. Carmichael, 9 Cir., 177 F.2d 391, 396.
 
 
 4
 It is further contended that there is no substantial or probative evidence in the record that appellant assisted another alien to enter the United States 'for gain.' We find, however, that there is substantial and probative evidence in the record to support this finding.
 
 
 5
 Invoking 8 U.S.C.A. 1254(a) and (e), appellant applied for suspension of deportation, or the privilege of voluntary departure. This was denied, on the ground that appellant was ineligible for such relief. Appellant challenges this determination.
 
 
 6
 A finding of good moral character is a statutory prerequisite to the discretionary relief requested. Under 8 U.S.C.A. 1101(f)(3), a finding of good moral character is precluded in the case of a person who is or was
 
 
 7
 '* * * a member of one or more of the classes of persons, whether excludable or not, described in paragraphs (11), (12), and (31) of section 1182(a) of this title.'
 
 
 8
 Appellant is a person described in 8 U.S.C.A. 1182(a)(31), for that section pertains to
 
 
 9
 '* * * any alien who at any time shall have, knowlingly and for gain, encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law.'
 
 
 10
 The determination that appellant was ineligible for suspension of deportation or voluntary departure is accordingly correct and proper.
 
 
 11
 At the time of the deportation hearing, appellant applied for nunc pro tunc discretionary relief under 8 U.S.C.A. 1182(c).[3] The Board of Immigration Appeals denied this application. Appellant argues, in effect, that this was an abuse of discretion, because of the extreme hardship which will result, and in view of the fact that during the entire period of his residence in this country, beginning in 1920, and until the incident in question, he has been a person of good moral character.
 
 
 12
 In denying the application for relief under 8 U.S.C.A. 1182(c), the Board did not question appellant's prior behavior, and fully recognized the hardship which would result. The application was denied on the ground that the acts were 'such that the granting of relief * * * is not warranted.'[4]
 
 
 13
 We find no basis for judicial disturbance of the judgment which has been entered. Nevertheless, in view of the extreme hardship which will result, and the trifling nature of the offense, we think it appropriate to give the Board an opportunity to reconsider the denial of relief under 8 U.S.C.A. 1182(c).
 
 
 14
 The facts which move us to adopt this course are not in dispute, and may be briefly stated: Appellant, who owns a modest home and operates a small grocery and vegetable peddling business, entered this country in 1920 and has lived here ever since-- thirty-eight years. He is the father of six children, all natives and hence citizens of the United States. Three of the children are minors, the youngest being thirteen years of age. They live with their mother-- appellant's wife-- from whom he has been separated for twelve years. This means that if appellant must leave the country, he will be separated from his minor children.
 
 
 15
 His wife is not employed, and she and the minor children are totally dependent upon appellant for their support. He now contributes sixty dollars a month for their support, and also supplies them with groceries and vegetables worth twenty-five to thirty dollars a week.
 
 
 16
 Except for the incident here in question, there seems to be no flaw in appellant's record. He has never before been charged with a violation of law. Neither he nor his family has ever been a public charge. He registered for military service during the war.
 
 
 17
 In bringing an alien into the United States illegally and for gain, appellant yielded to temptation under most trying circumstances. On March 4, 1954, a person approached appellant while he was selling vegetables and offered him fifty dollars if he would bring one Sexto Medina into this country from Mexico. Appellant did not immediately accept this offer. But later his truck broke down and he was in need of funds to repair it. He decided to proceed to Tijuana, Mexico, to obtain a loan from a personal friend. If he found himself unsuccessful in this, however, it was his intention to try to obtain the needed funds by bringing Medina into this country.
 
 
 18
 Appellant was unable to borrow the money from his Mexican friend. Proceeding with his alternative plan to raise the funds, he tried to bring Medina into the United States, but was apprehended. He was not paid the promised fifty dollars, but received fifteen dollars to pay for gasoline.
 
 
 19
 The case is remanded, with instructions to the district court to remand the case to the proper administrative agency, to permit a reconsideration by it to determine whether, in the exercise of its discretion, it can grant some relief under 8 U.S.C.A. 1182(c), or otherwise. If appellant's record is generally good, the size of his offense, under an urgent economic strain of the moment, is virtually de minimis.
 
 
 
 [1]
 8 U.S.C.A., 1251(a)(13):
 '(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who--
 (13) prior to, or at the time of any entry, or at any time within five years after any entry, shall have, knowingly and for gain, encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law.'
 
 
 [2]
 8 U.S.C.A. 1101(a)(13):
 'The term 'entry' means any coming of an alien into the United States, from a foreign port or place or from an outlying possession, whether voluntarily or otherwise, except that an alien having a lawful permanent residence in the United States shall not be regarded as making an entry into the United States for the purposes of the immigration laws if the alien proves to the satisfaction of the Attorney General that his departure to a foreign port or place or to an outlying possession was not intended or reasonably to be expected by him or his presence in a foreign port or place or in an outlying possession was not voluntary: Provided, That no person whose departure from the United States was occasioned by deportation proceedings, extradition, or other legal process shall be held to be entitled to such exception.'
 
 
 [3]
 8 U.S.C.A. 1182(c) reads in part as follows:
 'Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1)-(25), (30) and (31) of subsection (a) of this section. * * *'
 
 
 [4]
 In discussing this application, the Board, in its order of March 12, 1956, said:
 '* * * We are aware that the deportation of this respondent will result in a hardship to him because of his long period of residence in this country and because of his close family ties here. We are also aware that his deportation will result in a hardship to his minor children to whom he is contributing support. However, it is our opinion that the nature of the acts which give rise to deportability, which acts recently occurred, are such that the granting of the relief contained in Section 212(c) of the Immigration and Nationality Act is not warranted. The appeal will be dismissed.'