**Charles Helmut LATTIG, Plaintiff-Appellant,**

v.

**Alva L. PILLIOD, District Director of Immigration and Naturalization, Chicago, Illinois, Defendant-Appellee.**

**No. 13100.**

United States Court of Appeals Seventh Circuit.

April 26, 1961.

Raymond V. Najarian, Wilmette, Ill., for appellant.

James P. O'Brien, U. S. Atty., Robert N. Caffarelli, Asst. U. S. Atty., Chicago, Ill., R. Tieken, U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This action was instituted on or about the 13th day of June, 1957, upon a warrant of arrest which was served upon plaintiff-appellant, charging him with being an alien illegally in the United States and subject to deportation pursuant to the Immigration and Nationality Act, section 241(a) (4) (8 U.S.C.A. § 1251(a) (4) on two charges: (1) that plaintiff was excludable at the time of entry because he admitted committing a crime involving moral turpitude prior to entry; and, (2) excludable at time of entry because he was convicted of a crime involving moral turpitude prior to entry.

A hearing was held before a special inquiry officer who, found as proven facts that plaintiff had left this country on or about November 15, 1952 and that he

committed a crime involving moral turpitude prior to entry. He found the charge of conviction of a crime prior to entry as not proved. Plaintiff was ordered deported on the first charge. This order was appealed to the Board of Appeals where the finding and order were affirmed. The United States District Court on May 18, 1960 dismissed plaintiff's petition for review under the Administrative Procedure Act, Section 1001 et seq., 5 U.S.C.A., and entered judgment for the defendant.

This appeal is from the judgment of the United States District Court dismissing plaintiff's petition. It is contended that the order of deportation is illegal and void for the following reasons: (1) it is contrary to the evidence; (2) the findings and order are not supported by substantial, reliable, sufficient and probative evidence; (3) the findings and order are founded on irrelevant and immaterial evidence; and (4) the dismissal of the appeal by the Board of Immigration Appeals is also void for these same reasons.

■ The hearing officer found that plaintiff did not acquire United States citizenship subsequent to his birth in Germany and that he was therefore an alien; and that plaintiff admitted that he was convicted of the crime of first degree burglary in August 1952. Plaintiff's challenge to the evidence is directed to the finding of the hearing officer that "on or about November 15, 1952" the plaintiff last entered the United States at Nogales, Arizona. Such finding, and all other findings of fact must be supported by substantial evidence. Briefly, substantial evidence means evidence that has relevant probative force and which a reasonable mind might accept as adequate to support a conclusion. It does not include the idea of the "weight of the evidence".

During the hearing a sworn statement bearing plaintiff's signature was admitted into evidence over the objection of the plaintiff that it had no probative value, was hearsay, and was not the best evidence because the plaintiff was present at the hearing and was available for questioning. Plaintiff admitted that he had signed and initialed such statement. Such statement was given to an immigration inspector in December 1953 while plaintiff was in Arizona State Prison. In that statement the following appears:

"8–Q. Where, when (give hour and date), and how did you enter the United States? A. At Nogales, Arizona. About November 15, 1952. I told the officer there that I was a citizen of the U. S."

Plaintiff, testifying on his own behalf, admitted that at some time between January and December 1952, he left the United States, went to Mexico, and re-entered the United States; that when interviewed by the immigration inspector in 1953 he was not advised that the questioning was with respect to his status as a deportable alien, or that the person taking the same was an immigration inspector, and that the answer set forth was suggested to him by the interrogator. Plaintiff then proceeded to submit documentary evidence to show the improbability of his making such a trip on or about November 15th. Such documentary evidence consists of a letter from plaintiff's employer stating employment of plaintiff for the period September 12, 1952 through November 14, 1952; and a Climatological Data chart for Arizona for the month of November 1952 showing that the temperature at Showlow, Arizona, where plaintiff lived with his father, was 58 degrees on November 14, 45 degrees on November 15 and 34 degrees on November 16, and that the daily precipitation on the 15th was .71 and the 16th 1.08, which was also the "Greatest Day" of "Snow, Sleet, Hail" for Showlow, Arizona.

Plaintiff also testified that his hours of work were from 2 P.M. to 10 P.M. every day; that the distance from Showlow, Arizona to Nogales, Arizona was 350

miles each way; that his employer ceased work on the 14th because of a snow storm and that he was laid off on the 14th for that reason; that he had not driven to Mexico on the following day because he had to wait to get his car out of the driveway—"had to wait for the snowplow".

█ It is apparent from the finding made by the hearing officer on the issue of entry that he placed no reliance on plaintiff's denial and that in his opinion plaintiff's testimony was not of such convincing character as to overcome his sworn statement. The issue of credibility is solely the function of the hearing officer and not reviewable by the court.

█ Determination of whether there is substantial evidence does not require that the evidence be weighed, but only that there be reasonable support in the evidence to induce conviction that the finding was proper or that it furnished substantial basis of fact from which the issue tendered could be reasonably resolved.

█ This court is of the opinion that there existed substantial evidence to support the findings and order of the Immigration and Naturalization Service, and that the hearing officer was justified in fixing the date of entry as "on or about November 15, 1952".

After a hearing on the petition for review the lower court prepared a memorandum of findings of fact and conclusions of law and it is sufficient to say that they proclaim the fairness and regularity of the deportation proceedings and provide full support of the order deporting Charles Helmut Lattig.

The decision of the district court rests upon a record with sustaining evidence of a substantial, convincing and compelling character, therefore the order dismissing the petition for review is affirmed.

Affirmed.