MATTER OF HINOJOSA-PENA

In Exclusion Proceedings

A-8971740

A-8971741

*Decided by Board September 11, 1967*

Where the record of original exclusion and deportation of applicants in 1955 pursuant to section 212(a)(19) of the Immigration and Nationality Act was introduced in the present proceedings and relied on to establish their present excludability on the same ground, the applicants may offer new evidence and are entitled to a hearing *de novo* in exclusion proceedings on the question of excludability based on the same conduct for which they were previously finally excluded in 1955 under section 212(a)(19) of the Act.

EXCLUDABLE: Act of 1952—Section 212(a)(19) [8 U.S.O. 1182(a)(19)]—Visa obtained by fraud.

ON BEHALF OF APPLICANTS:
H. O. Hall, III, Esquire
Sames Moore Building
P.O. Box 207
Laredo, Texas 78041

ON BEHALF OF SERVICE:
Bernabe Q. Maldonado
Trial Attorney

Appeal is taken from the decision of the special inquiry officer, finding both applicants excludable under section 212(a)(19) of the Act, and ordering them excluded and deported.

Applicants are husband and wife, 40 and 35 years of age, respectively; they are natives and citizens of Mexico who last applied for admission to the United States at Laredo, Texas on January 11, 1967, as temporary visitors, both in possession of nonimmigrant B-2 visas issued by the American Consulate at Nuevo Laredo, Mexico.

In 1955, applicants had sought admission as nonquota immigrants, and on March 10, 1955, had been ordered excluded and deported under section 212(a)(19), as aliens who had procured documents by fraud. Between that time and January, 1967, they were admitted to the United States for temporary visits on numerous occasions, with a waiver of inadmissibility granted under the authority of section 212(d)(3). At

the time of their last application for admission they did not have such a waiver. They contend they are admissible without it.

The special inquiry officer has ruled that applicants are not entitled to a hearing *de novo* to determine whether they are now excludable for having obtained visas by fraud. It is his position that the decision of March 10, 1955 is final and controlling, and that they may not collaterally attack that order of exclusion and deportation, since they have shown no gross miscarriage of justice. The Service brief supports the position of the special inquiry officer. The only evidence on excludability presented by the Government is the record of the exclusion proceedings of 1955. The special inquiry officer's finding of present excludability rests solely and entirely upon the fact that in the earlier proceedings applicants were found excludable under section 212 (a) (19).

Counsel denies that any attack on the previous order is being made, stating:

There is no attempt or necessity for the applicants to set aside the previous order of exclusion and deportation, as the fact of such previous deportation and exclusion does not in and of itself operate to exclude the applicants for nonimmigrant visas under their present application.

He contends that the special inquiry officer erred in relying on collateral estoppel and *res judicata*, citing cases holding that *res judicata* does not apply to administrative determinations in immigration cases. He summarizes his contentions thus:

* * * it is applicants' position that they are entitled to a full hearing on the question of any fraud in procuring visas in 1955, to have present judicial standards applied to the facts involved in their procuring visas in 1955, and a resulting determination after proper hearing as to their present admissibility and that the fact that such determination was previously made in an unappealed decision of a Special Inquiry Officer in 1955, do[es] not forever preclude such determination. As stated from the outset, the issue may resolve itself on applicants' contention that the grounds for the exclusion can only be a present finding that one or both of them have heretofore procured a visa by fraud and not the conclusion of law as stated by the Special Inquiry Officer that the applicants are inadmissible because they had heretofore been found to have procured a visa by fraud.

We hold that applicants' position is legally correct and that they have effectively been denied the hearing in exclusion proceedings to which they are entitled by law (section 235) b) ).

Every alien found to be excludable and ordered excluded is also ordered deported (section 237, Immigration and Nationality Act). In one sense, therefore, it is correct to say that in 1955 a final order of deportation was entered against the applicants. However, "deportation" has more than a single connotation. As Mr. Justice Clark observed, in *Leng May Ma* v. *Barber*, 357 U.S. 185:

463

Proceedings for expulsion under Chapter 5 are commonly referred to as "deportation proceedings". Parenthetically, the word "deportation" appears also in Chapter 4 to refer to the return of excluded aliens from the country, but its use there reflects none of the technical gloss accompanying its use as a word of art in Chapter 5.

Thus, while the many cases cited by the special inquiry officer and the Service do hold that the law of any particular case is fixed at the time of that person's deportation, that subsequent interpretations of law will not affect the validity of that final order of deportation if it was in accordance with the law as interpreted when it was made, and that a final order of deportation may not be attacked after the person has been deported (unless it can be shown that there was a gross miscarriage of justice), they are neither dispositive nor controlling of the issues herein. No one of them is in point on the facts; they all relate to deportation after expulsion proceedings. In every one in which the prior deportation order was challenged, the alien was excludable under section 212(a)·(17) as one who had been arrested and deported and had not received permission to reapply for admission after deportation. In those cases, unless the prior deportation could be set aside as invalid, the fact of the deportation, without more, remained as a separate ground of excludability, regardless of the underlying basis for the deportation.

Here, as counsel states, there is no need to attack the prior order or have it declared invalid, because the fact of exclusion and deportation in 1955 does not, without more, make the applicants presently inadmissible (section 212(a)(16)).

We believe it is clear, from the specific language of sections 212(a) (16) and 212(a)(17), that deportation after expulsion proceedings in the United States has different attributes and consequences from deportation after exclusion. Deportation after expulsion proceedings erects a lifelong bar to admissibility unless permission to reapply for admission is obtained from the Attorney General, who may grant or deny such permission in his discretion. Deportation after exclusion creates a temporary bar, lasting for a year and then losing all effect automatically, without the necessity for application or permission of any kind. This provision, now section 212(a) (16), was originally enacted as part of section 3 of the Act of 1917; its reenactment without change was recommended by the Committe on the Judiciary, in its Report #1515, 81st Cong., Second Session (at p. 364) for the following reasons:

* * * the law as it is now written is adequate to prevent the abuse of the exclusion and deportation laws by aliens who attempt to reapply for admission to the United States soon after their exclusion or deportation, *as well as to*

*allow reconsideration when the alien is able to overcome the handicaps which brought about the original exclusion and deportation.* (Emphasis supplied.)

The express language of the statute, authorizing reapplication for admission after one year, as well as the intent that there then be reconsideration of the "handicaps which brought about the original exclusion and deportation", taken in conjunction with the statutory requirement of a hearing in exclusion proceedings, rule out the possibility that excludability can be summarily determined by the mere introduction at the hearing of a prior decision finding the applicants excludable. This interpretation, urged by the special inquiry officer and the Service, would effectively repeal section 212(a) (16). It would, as has been done here, make the hearing a meaningless formality for all persons previously excluded after hearing. Neither the statute, the regulations, nor the cases disclose any mandate or policy to permit an alien to apply unsuccessfully for admission only once, and to be thereafter forever bound by that decision. It has been held time and again that decisions in administrative proceedings are not subject to the principle of *res judicata* (cf *Talavera* v. *Pederson*, 334 F.2d 52 (6th Cir. 1964), and cases cited therein; see also, as specifically relating to applications for admission, Gordon and Rosenfield, *Immigration Law and Procedure*, section 3.16(a)).

We have recently considered an issue similar to the one here involved, in *Matter of Rangel-Cantu*, Int. Dec. No. 1695, where an alien ordered excluded and deported took no appeal from the special inquiry officer's decision, but thereafter retained counsel who filed a motion to reopen the proceedings. The special inquiry officer granted a reopening and certified the case to the Board. The Service took the same position it takes here, that the decision had become final and could not be reconsidered because the applicant had failed to show a gross miscarriage of justice or deprivation of due process. The further ground was urged that the special inquiry officer was without authority to reopen an exclusion proceeding after a final order of exclusion and deportation had been executed. Finding that the special inquiry officer did have such authority, we went on to hold:

* * * a simple method of obtaining a reconsideration of the exclusion proceeding exists. The applicant may make a new application for admission.

On the basis of all of the foregoing, we hold that the special inquiry officer erred in denying the applicants herein a hearing *de novo* on the question of their present admissibility. We shall, therefore, remand these proceedings so that applicants may be afforded a full hearing, and a new decision can be rendered, upon all of the evidence adduced at such hearing and in accordance with present administrative and/or judicial criteria relevant to the claimed ground of excludability, and

465

with the direction that the order of the special inquiry officer shall be certified to the Board.

**ORDER:** It is ordered that the decision of the special inquiry officer heretofore made herein be and the same is hereby set aside.

*It is further ordered* that these proceedings be remanded and reopened for the purposes set forth above, and that the decision of the special inquiry officer rendered after the reopened proceedings be certified to this Board.