Dr. Luke WEI-MING CHANG and Dr. Amparo Belen Chang, Petitioners,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 24242.

United States Court of Appeals
Ninth Circuit.

Dec. 4, 1969.

Jack T. Price (argued), of Gordon, Kidder & Price, Los Angeles, Cal., for petitioners.

David H. Anderson (argued), Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., John N. Mitchell, Atty. Gen. of the U. S., Washington, D. C., Joseph Sureck, Regional Counsel, I. N. S., San Pedro, Cal., Stephen M. Suffin, Atty., I. N. S., San Francisco, Cal., for respondent.

Before MERRILL, WRIGHT and KILKENNY, Circuit Judges.

**PER CURIAM.**

Petitioners, husband and wife, are aliens who ask for review of a deportation order of the Immigration and Naturalization Service. Such orders are reviewable by this court under 8 U.S.C. § 1105a.

Petitioners were admitted as nonimmigrant exchange visitors to pursue medical studies, which have now been completed. Both are licensed to practice medicine in California.

Under 8 U.S.C. § 1182(e), aliens such as these petitioners are not eligible for immigrant visas or for permanent residency in the United States, unless they have returned for a two-year stay in their home countries. Petitioner husband requested a waiver of this requirement, asserting exceptional hardship on his wife and two children.

The application for waiver was denied by the Immigration and Naturalization Service. The Immigration and Naturalization Service thereupon commenced deportation proceedings against both petitioners. Assuming without deciding that petitioners may question in a deportation proceeding the denial of a waiver in a separate proceeding, we find that the waiver was properly denied. Petitioners made out no case of "exceptional hardship" sufficient to overcome the strong congressional policy underlying the residency requirement. Mendez v. Major, 340 F.2d 128 (8th Cir. 1965); Talavera v. Pederson, 334 F.2d 52 (6th Cir. 1964).

The petition for review is dismissed.